# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Aroldo Rigoberto Castillo-Serrano,   Case No 3:15CR24

    Petitioner-Defendant

v.   **ORDER**

United States of America,

    Respondent-Plaintiff

Indicted on charges relating to human trafficking, the petitioner pleaded guilty on August 24, 2015, to participation in a forced labor conspiracy, forced labor, witness tampering, and harboring. I sentenced the petitioner to a term of 188 months imprisonment.

In March, 2017, the petitioner moved to vacate his plea and sentence under 28 U.S.C. § 2255. (Doc. 140). On September 15, 2017, I denied the motion, finding it to be frivolous. *Castillo-Serrano v. U.S.*, 2017 WL 4102350 (N.D. Ohio).

Now pending is the petitioner's motion for reconsideration. (Doc. 163). For the reasons that follow, I deny the motion

### Discussion

Under Fed. R. Civ. P. 59(e), there is a twenty-eight-day limitations period for a motion to alter or amend the judgment. That limitations period applies to § 2255 petitions. *U.S. v. Mullens*, 2005 WL 2271858, *1 (W.D. Mich.).

Here, the petitioner filed the pending motion for reconsideration on December 18, 2017, long after the time permitted by Rule 59(e) had expired. Accordingly, I must construe the motion as one for relied under Fed. R. Civ. P. 60(b). *Id.*

In this instance, the only conceivably applicable provision of the Rule is the "residual clause" found in Rule 60(b)(6): namely, that the movant show "any other reason that justifies relief." I am to apply this provision "only in exceptional or extraordinary circumstances." *In re Salem Mortg. Co.*, 791 F.2d 456, 459 (6th Cir. 1986).

I have already reviewed the petitioner's claims in detail; in addition, I retain a sharp and clear memory of the facts underlying his guilty plea (by which he avoided a potentially more severe sentence) and, as well, the facts developed during the extensive sentencing hearings. I found no merit in his claims in his § 2255 petition, and, on yet another review in light of the pending motion, I find absolutely nothing to justify reconsideration.

Accordingly, it is hereby

ORDERED THAT the petitioner's motion for reconsideration (Doc. 163) be, and the same hereby is denied.

An appeal from this decision could not be taken in good faith, and jurists of reason could not reasonably dispute this order or its outcome; accordingly no certificate of probable cause shall issue, and no putative appeal shall be permitted without prepayment of applicable fees.

So ordered

/s/ James G. Carr
Sr. U.S. District Judge